Richard S. Heller, J.
Pursuant to section 30 of the Highway Law, the State of New York, on July 23, 1963, appropriated land purportedly owned by the claimant located in the City of *752 Albany, County of Albany, all as shown on Map No. 287, Parcel No. 327 and Map No. 288, Parcel No. 328 and Map No. 305, Parcels Nos. 350 and 351 and Map No. 306R1, Parcel No. 352 of Interstate Route Connection 541-1-3 (Everett Road Extension) Albany County, Railway-Highway Grade Crossing.
The court adopts as accurate the description of the appropriated land as shown on the official map filed in the office of the Clerk of Albany County.
Parcel No. 327 is a fee taking of 0.922± acre just east of claimant’s garage. Located on the land was a one-story maintenance and storage building having dimensions of 30 feet by 60 feet, a steel fence and a graded surfaced area. This appropriation also severed, for all practical purposes, 63,945± square feet east of the appropriated parcel which will be discussed later.
Parcels Nos. 350 and 351 were permanent easements for drainage purposes and totaled 0.067± acre. Parcel No. 328 was a temporary easement for the purpose of razing the storage building. Parcel No. 352 was a temporary easement for the relocation of a hydrant.
Before and after the appropriation the claimant was a successful processor and distributor of meat products. The business, which was started in 1924 with 196 employees and an original plot of 5% acres, had grown steadily to a plant located on 40± acres with 1,169 employees in July of 1965. The claimant’s plant forms a complex of 21 buildings covering 460,000 square feet with the remaining portion of the property developed for parking, supply service and distribution area and forms an efficient operational facility.
The garages, maintenance building, storage and parking areas for trailers, tractors and trucks were located near the easterly end of the property. This area was an integrated unit for the efficient operation of maintenance and service to its truck fleet of 61 units, of which 36 were tractor-trailer tandem models.
The appropriation was just east of the garage building and took the metal maintenance building and all of the area used for the parking and storage of the truck fleet.
The appropriation took all of the land that could be used for expansion of the garage in the future. The need for this expansion and the plans of development were adequately presented at the trial.
The appropriation deprived the claimant of the only land available for the efficient operation of the trucking part of its operation.
The destruction of any unit of a complex, as demonstrated here, causes consequential damage to the remainder, and the *753 claim by the State that these damages are offset by the improvement is not justified by the record.
In Parcel No. 327, the State reserved to the claimant a right of way over the appropriated land along the railway so that claimant could have access to the land east of the appropriated parcel. This reservation may give access but for claimant’s operation it is impractical and inadequate. Legal access and practical access differ if the access, in order to be used, requires a greater expenditure for usefulness than the value of the land severed. However, this valuable land should not be damaged more than 80% because it is available to the siding and the right of way and some use could be found that does not require the freedom of movement of the truck maintenance operation.
Claimant has based the claim for consequential damage on the severance and on damage to the garage structure. Claimant’s approach to valuation by cost less reproduction is proper since it serves to set a ceiling value on the property which is a specialty.
Claimant’s reconstruction of the maintenance storage building immediately in front of the garage bays diminished the area of use for trucks. Whether this was the best place for the new building in the useful truck area presents a problem, but the court feels that the management must have considered all of the pertinent facts.
The highest and best use of the property at the time of the appropriation was commercial, and the highest and best use of the property after the appropriation was commercial.
The court finds that the fair and reasonable market value of the subject property before the taking was $273,200; that the fair and reasonable market value of the subject property after the taking was $162,900; and that the amount by which the claimant has been damaged is $110,300; of this amount $24,300 represents direct damage and $86,000 represents consequential damage to the remainder. The claimant is entitled to an award therefor together with appropriate interest.
Claimant is also entitled to the sum of $1,787 for the temporary easement.
The claim was duly filed on November 27,1963, and it has not been assigned or submitted to any other court or tribunal for audit or determination.
The court has viewed the property.
Claimant is entitled to an award of $112,087 with interest from July 23,1963 to the date of entry of judgment.
The award to claimant herein is exclusive of the claims, if any, of persons other than owners of the appropriated property, *754 their tenants, mortgagees and lienors having any right or interest in any stream, lake, drainage and irrigation ditch or channel, street, road, highway or public or private right of way or the bed thereof within the limits of the appropriated property or contiguous thereto; and is exclusive also of claims, if any, for the value of or damage to easements and appurtenant facilities for the construction, operation and maintenance of publicly owned or public service electric, telephone, telegraph, pipe, water and sewer and railroad lines.