■ TOBIN PACKING CO., INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 43122.) — GIBSON, P. J. Appeal by the State from a judgment of the Court of Claims which awarded damages of $112,087 for the appropriation of real property for highway purposes. Claimant operated a large meat-packing plant upon a 40-acre tract at West Albany. The State appropriated in fee an area of .922 acre with improvements valued at amounts not greatly in dispute and appropriated in permanent easement, for drainage purposes, parcels aggregating .067 acre as well as two temporary easements. In connection with the efficiently organized and well-integrated plant layout, the easterly portion of the property had been developed with garages, maintenance building, storage and parking area for claimant's fleet of 61 trucks and the appropriation was of lands just east of the garages. The trial court found upon sufficient evidence that the appropriation "deprived the claimant of the only land available for the efficient operation of the trucking part of its operation" and stated its conclusion that, "The destruction of any unit of a complex, as demonstrated here, causes consequential damage to the remainder, and the claim by the State that these damages are offset by the improvement is not justified by the record." The Court of Claims awarded direct damages

of $24,300, in addition to damages of $1,787 for the temporary easements. As indicated in its brief, the State has "no complaint" with these amounts since they "approximate very closely the damages appraised by the State's expert." The State does contest the court's award of $86,000 for consequential damages to property not taken; and we turn first to this issue. The trial court properly found that the taking of the area used for the parking, storage, maintenance and maneuvering of claimant's large transportation fleet, occurring as it did in such a closely integrated industrial and transportation operation, caused consequential damage to the garage units, which were properly found to constitute specialty property and were properly appraised by claimant's experts on the basis of reconstruction cost less depreciation. The State, denying any consequential damage of this nature, did not meet or contradict the valuations and other proof thus adduced. Claimant's experts found that lands of an area of some 249,342 square feet or more than 5.7 acres were affected and testified to a before value of 50 cents per square foot or roughly $20,000 per acre; while the State's expert found that claimant's damage was limited to an area of two acres, imperfectly described by him but including, of course, the .922-acre parcel taken in fee and, perhaps, some portion of the 1.47-acre parcel east of it, which claimant contends, and the State denies, was rendered virtually useless for purposes of its business, and which the court found was depreciated in value by 80%. Nevertheless, the State's expert found damages, at the rate of $10,000 per acre, to the fee and easement takings only, plus the value of certain minor improvements. In this state of the record, the trial court found a before value of $273,200, an after value of $162,900 with resultant damages of $110,300, consisting of direct damages of $24,300 and consequential damages of $86,000. We turn now to certain of appellant's assignments of error. In the decision, it is stated: "The appropriation took all of the land that could be used for expansion of the garage in the future. The need for this expansion and the plans of development were adequately presented at the trial." To the extent that this may indicate a finding of damage incurred by frustration of plans for business expansion it must be disapproved; but it is reasonably clear that no damages were awarded on that basis. Neither do we approve the acceptance of, or at least major reliance upon proof of supposed diminution of rental value as supporting the alleged depreciation in the value of the garage property in consequence of the land taking, since the garage was not rental property and rental value was not the test. Clearly, any computation or estimate of rental value of the property as an integral unit of the plant would produce an artificial result and one not subject to check or verification, while the assignment of a rental value for the property considered independently of its present use would in this case indulge conjecture. As will appear, however, the award for consequential damages is found upon analysis to encompass damages for loss of useful or productive value of the garage lands and structures in an amount substantially lower than claimant's competent and uncontradicted proof would warrant, but claimant has taken no appeal and the State has no factual or legal basis for complaint. By applying to the proven components of the $86,000 consequential damage found, the lowest unit values or estimates appearing in the record, the land values thus found being at the $10,000-per-acre valuation asserted by the State, it appears that no less than $11,760 was awarded as consequential damage (amounting to 80%) to the 1.47-acre parcel easterly of the fee taking and that no more than $74,240 represents consequential damage of slightly in excess of 25% to the garage lands and buildings evaluated by acceptable and uncontradicted expert evidence at no less than $277,000. The depreciation or decrease in productive

value of no more than $74,240 is well sustained by proof independent of the rental value formula utilized by claimant's experts, and most convincingly by claimant's cost studies showing increased labor cost factors alone of approximately $9,500 per year, and there was satisfactory proof of other resultant necessary costs as well, chargeable in part to capital and in part to expense. Judgment affirmed, with costs to respondent. Gibson, P. J., Herlihy, Reynolds and Staley, Jr., JJ., concur; Aulisi, J., not voting.  [49 Misc 2d 751.]